# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BLUEFIELD DIVISION

**MARIO ANTONIO LOPEZ-DELGADO,**

    **Petitioner,**

v.                                                        **Case No. 1:17-cv-3259**

**BARBARA RICKARD, Warden,**
**FCI McDowell,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are Petitioner's *pro se* petition filed pursuant to 28 U.S.C. § 2241 and *pro se* petition for a writ of mandamus. (ECF Nos. 1, 2). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the petitions be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and this action be removed from the docket of the Court.

## I. Relevant History

On June 13, 2017, Petitioner filed his petitions for habeas relief and for a writ of mandamus. (ECF Nos. 1, 2). That same day, the Clerk of Court sent Petitioner a Notice of

Failure to Remit Filing Fee, explaining that a filing fee of $5.00 should have accompanied the petitions and asking for payment within ten days. (ECF No. 3). The Clerk further explained that if Petitioner could not afford the filing fee, he could submit an Application to Proceed Without Prepayment of Fees and Costs. (*Id.*). For Petitioner's convenience, an Application form was enclosed with the Notice. (*Id.*).

On July 14, 2017, rather than paying the filing fee or submitting an Application to Proceed Without Prepayment of Fees and Costs, Petitioner requested a status report on the Court's initial screening. (ECF No. 5). In response, the undersigned issued an Order again instructing Petitioner to either pay the filing fee, or submit a completed Application to Proceed Without Prepayment of Fees and Costs, within twenty days of the date of the Order. (ECF No. 6). Petitioner was notified that a failure to do so might result in a recommendation of dismissal. (*Id.*).

On December 29, 2017, after giving Petitioner more than five months to either pay the fee or request to proceed *in forma pauperis*, the undersigned issued an Order to Show Cause, noting that Petitioner had not paid the filing fee or submitted an Application, and had not communicated with the Court since July. (ECF No. 7). Petitioner was advised that there would be no activity on the petition until the fee was paid, or an Application was submitted, and the failure to do either within thirty days would result in a recommendation of dismissal on the grounds of failure to prosecute and failure to obey a court order. (*Id.*). According to the docket, Petitioner received a copy of the Order to Show Cause; however, another 47 days have passed without payment of the filing fee, without submission of the Application to Proceed Without Prepayment of Fees and Costs, and without further communication from Petitioner.

## II.     <u>**Discussion**</u>

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a party has no interest in further prosecution of his civil action:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[1]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Petitioner received one notice and two orders alerting him to his obligation to pay the filing fee or submit a completed Application to Proceed Without Prepayment of Fees and Costs. Petitioner was further advised that his failure to fulfill that obligation would likely result in dismissal of his petition. Notwithstanding these orders, Petitioner never paid the filing fee or submitted a completed application. Petitioner was given more than ample time to comply with the notice and orders, but he inexplicably failed to do so. These failures add up to a case history of Petitioner proceeding in a deliberately dilatory fashion. Petitioner's case has been pending on the court's docket for eight months, and he has been given nearly eight months to comply with the Court's directives; yet, Petitioner has not complied. Thus, Petitioner is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendant, although in this proceeding, the prejudice is admittedly minimal. However, as Petitioner has wholly disregarded court orders, has made no effort to pursue his petition since July 2017, and has failed to follow up with the Court in more than seven months, a sanction less severe than dismissal plainly will not be effective. *See Ballard,* 882 F.2d at 95-96.

Although a dismissal is warranted, the undersigned **FINDS** that dismissing the petition with prejudice would be an unnecessarily severe sanction. Fed. R. Civ. P. 41(b)

provides that a dismissal for failure to prosecute "operates as an adjudication on the merits" unless the dismissal order states otherwise. Given that Petitioner's sentence will not be discharged until September 10, 2019 (*see* www.bop.gov/inmateloc/), and the merits of his petitions have not been considered, the undersigned concludes that a dismissal, without prejudice, would be most appropriate.

### III. Proposal and Recommendation

For the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the petitions be **DISMISSED**, without prejudice, and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to

Judge Faber and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

**DATED**: February 15, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge